State v. McMillan

STATE OF NORTH CAROLINA v. THEODORE McMILLAN ALIAS
THEODORE RICHARDSON

No. 7512SC783

(Filed 4 February 1976)

Criminal Law § 102— jury argument of defense counsel — limitation —
   prejudicial error

   The trial court erred in refusing to allow defense counsel to
argue to the jury various facts concerning the robbery victim's photo-
graphic identification of defendant, since those facts had been brought
out in cross-examination of the victim and since the State's case rested
entirely upon the identification testimony of the victim.

APPEAL by defendant from *Bailey, Judge.* Judgment en-
tered 21 April 1975 in Superior Court, CUMBERLAND County.
Heard in the Court of Appeals 21 January 1976.

Defendant appeals from judgment imposing a prison sen-
tence on his conviction for armed robbery.

*Attorney General Edmisten by Associate Attorney General
Thomas M. Ringer, Jr. for the State.*

*Cherry and Grimes by Donald W. Grimes for defendant
appellant.*

PARKER, Judge.

Defendant contends the trial court erred in unduly limiting
certain portions of defense counsel's argument to the jury. We
agree.

During argument to the jury and while summarizing de-
fendant's contentions, defense counsel attempted to argue that
the robbery victim, Marie McPherson, had mistakenly identified
2 photographic exhibits (S-1 and S-2) as being photographs of
the same person. These exhibits had been shown to the witness,
along with other photographs, prior to defendant's arrest. In
sustaining the State's objection to this argument, the trial
judge said:

   "I do not recall there was any evidence that anybody said
   these particular photographs were of the same person."

The record, however, shows the following from the cross-examination of Mrs. McPherson:

"Q. Are these two photographs here marked for identification as S-1 and S-2 the ones which you identified as being the same person?

A. Yes, sir."

Later in his argument to the jury defense counsel contended that the State's witness, Mrs. McPherson, had testified that the person pictured in photographic exhibit D-4 "looked like the defendant" or "might be the defendant." The court also sustained the State's objection to this argument. The record shows that on cross-examination Mrs. McPherson had testified, with reference to the picture marked D-4, that "it could be Theodore," that "[t]here is a little resemblance," and "Yes, it looks like Theodore off a little."

The State's case rested entirely upon the identification testimony of Mrs. McPherson, the victim of the robbery. No other evidence connected defendant with the crime. The robbery occurred on 25 September 1974. At that time Mrs. McPherson told the police that the robber was clean shaven. Approximately three weeks later she picked out defendant's photograph from a number of photographs shown her by the police and identified the picture as being that of the robber. The photograph was taken 18 October 1974 and showed defendant with a beard. Defendant testified and denied any connection with the robbery. He also testified and presented testimony of others that on the date of the robbery and for sometime prior thereto and thereafter he wore a beard. Thus, the credibility of Mrs. McPherson's identification testimony was at issue and was all important in this case. Indeed, it presented the only real issue for the jury to resolve. Defendant was entitled to present any competent evidence relevant to that issue and by cross-examination of the State's witness to bring to the jury's attention any matter which might tend to weaken her identification testimony. He was also entitled to have his counsel argue the significance of that evidence to the jury. By unduly restricting defense counsel's argument to the jury, the court committed error for which defendant is entitled to a

New trial.

Chief Judge BROCK and Judge ARNOLD concur.